IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES R. WELCOME,
    Plaintiff,

vs.                                        Case No.:  3:17cv103/MCR/EMT

RICHARD V. SPENCER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon Defendant's converted Motion for Summary Judgment (ECF Nos. 13, 14).  Plaintiff filed a Response to the Motion (ECF No. 16), Defendant filed a Reply (ECF No. 19), and Plaintiff filed a Response to the Reply (ECF No. 20).  Plaintiff also filed a Motion for Summary Judgment (ECF No. 17), to which Defendant filed a Response (ECF No. 21), and Plaintiff filed a Reply (ECF No. 22).

       The case was referred to the undersigned to conduct all preliminary proceedings and issue any recommendations to the district court regarding dispositive motions. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  The court advised Plaintiff regarding the nature of summary judgment (ECF No. 15).  After careful consideration of all issues raised by the parties, it is the opinion


of the undersigned that Defendant's motion for summary judgment should be granted, and Plaintiff's motion for summary judgment should be denied.

## I. SUMMARY JUDGMENT STANDARD

In order to prevail on a motion for summary judgment, the moving party must show that the nonmoving party has no evidence to support his case or present affirmative evidence that the nonmoving party will be unable to prove his case at trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party successfully negates an essential element of the nonmoving party's case, the burden shifts to the nonmoving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The nonmoving party must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *See* Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) (Rule 56 requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, documents, affidavits or declarations, admissions, interrogatory answers or other materials on file designate specific facts showing that there is a genuine issue for trial); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by the nonmoving party in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him.  *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).  Nonetheless, the nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he must prove.  *See* Celotex Corp., 477 U.S. at 317.  A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322.

II.   REVIEW

Plaintiff and Defendant both move for summary judgment on the merits, but the court finds that, as moved by Defendant, this case should be dismissed under res judicata, thus obviating the need for review on the merits.

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296

(11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)).  Res judicata applies when four elements are present:

> (1) the prior decision must have been rendered by a court of competent jurisdiction;
> (2) there must have been a final judgment on the merits;
> (3) both cases must involve the same parties or their privies; and
> (4) both cases must involve the same causes of action.

*Id.*

As it pertains to the fourth element, while a litigant may identify another claim, so long as the claim arose from the same operative facts, it does not alter the fact that the case arises in its entirety from the same core of operative facts as the previous one. *See* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) ("In determining whether the prior and present causes of action are the same, we must decide whether the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate'" (quoting Piper Aircraft Corp., 244 F.3d at 1297)); *see also* Mann v. Palmer, 713 F.3d 1306, 1311–12 (11th Cir. 2013).

In this case, Defendant asserts that all four elements are clearly met, including that the facts and issues that Plaintiff raises in his complaint are the same as the facts and issues he raised in a prior lawsuit he brought in this court, Welcome v. Mabus, Case No. 3:15cv121-MCR-EMT [hereinafter generally referred to as "the previous

case" or "Plaintiff's previous case"], or in the alternative that the claims in both cases arise out of the same core of operative facts for purposes of res judicata.

Although in Plaintiff's previous case the facts and procedural history were set out by the court in detail, only a brief summary is necessary here. Plaintiff, who was employed and subsequently separated/retired from the Department of the Navy, brought claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act, 42 U.S.C. § 12112(a), based on his gender (male), race (African American), and disability (diabetes). He claimed that the discrimination and retaliation occurred in the form of a hostile work environment, harassment, and unequal employment treatment.

After filing numerous claims against the Navy with the Equal Employment Opportunity Commission ("EEOC"), with the Merit Systems Protection Board ("MSPB"), and with this federal court, Plaintiff appealed the claims that are now before the court in this action (and in the previous case) from an adverse decision from the MSPB. In addition to his claims of retaliation and discrimination, Plaintiff also brought claims that adverse personnel actions were taken against him, namely, that he was terminated from employment due to excessive absences which Plaintiff asserted were approved absences. This latter claim of adverse personnel action, coupled with

Plaintiff's claims of discrimination and retaliation, amounted to what has been termed a "mixed case." See Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999) (citing 5 U.S.C. § 7702). The Eleventh Circuit, in its opinion rejecting Plaintiff's appeal in the previous case, thoroughly explained the procedures involved with such a mixed case and the actions Plaintiff took under those procedures:

> If a civil service employee is removed from his position, the employee may appeal the removal to the MSPB. 5 U.S.C. §§ 7512, 7513(d). When the employee appeals the removal to the MSPB and asserts that it was based totally or partially on race discrimination, he has brought a "mixed case." See 29 C.F.R. § 1614.302(a). If the employee asserts a mixed claim before the MSPB and receives an adverse ruling, one of the employee's options is to seek judicial review of the MSPB's decision, through either the Federal Circuit Court of Appeals or the federal district court. See 5 U.S.C. § 7703(a)(1), (b)(1); Chappell v. Chao, 388 F.3d 1373, 1375 (11th Cir. 2004).
>
> If the employee chooses to appeal the personnel claims to the Court of Appeals, he abandons his discrimination claims because that Court lacks jurisdiction to hear such claims. See 5 U.S.C. § 7703; Chappell, 388 F.3d at 1374. Thus, if the employee wants to pursue any type of discrimination claim on appeal, he must file a complaint in a United States District Court, as a district court is the only forum in which an employee can seek review of both parts of a mixed claim. Chappell, 388 F.3d at 1375–76. In short, in appealing the MSPB decision to the Federal Circuit Court of Appeals, he waives his right to pursue in that Court not only any discrimination claims he raised before the MSPB, but any other discrimination claims arising out of the same facts as well. *Id*. at 1378.
>
> After receiving unfavorable decisions from the MSPB, Welcome chose to pursue an appeal in the Federal Circuit, which lacked

jurisdiction over his discrimination claims. He thereby waived his right to appeal any discrimination claims he raised before the MSPB. *See* Chappell, 388 F.3d at 1375–76, 1378. All of the claims he raised in the instant case before the District Court were either directly raised before the MSPB, or were based on the facts that gave rise to the claims he presented to the MSPB. Therefore, the District Court correctly determined that he had waived all claims and dismissed his lawsuit.

Welcome v. Mabus, 692 F. App'x 988, 989 (11th Cir. 2017).

Thus, Plaintiff's decision to include his discrimination and retaliation claims in his appeal to the Federal Circuit resulted in a mixed case that barred his subsequent attempt to bring those claims to this court in his previous case. Now in the instant case, Defendant asserts that Plaintiff raises the same claims and allegations that he raised in the previous case, or at a minimum, that the instant claims arise from the same core set of operative facts and circumstances. Plaintiff does not countermand Defendant's argument in this respect.

Instead, Plaintiff states that he did not actually include his discrimination and retaliation claims in his appeal to the Federal Circuit. In fact, he states that on the waiver form he submitted on appeal, he checked the box on the form declaring that no discrimination claims had been made or would be made in the case. However, this issue was fully discussed by this court in the previous case, where the court found that Plaintiff's representation on the check-box form was belied by the fact that Plaintiff

Case No.: 3:17cv103/MCR/EMT

had raised numerous claims of discrimination before the MSPB. *See* Welcome v. Mabus, No. 3:15cv121/MCR/EMT, 2016 WL 5079301, at *8 (N.D. Fla. Aug. 22, 2016), *report and recommendation adopted*, 2016 WL 5024207 (N.D. Fla. Sept. 16, 2016), *aff'd*, 692 F. App'x 988 (11th Cir. 2017). Accordingly, this court held in the previous case that Plaintiff had knowingly waived his right to bring his discrimination claims. *Id.* at *11.

Plaintiff's argument was fully raised, considered, and defeated both in this court and on appeal before the Eleventh Circuit Court of Appeals. He cannot relitigate this argument now, for that would violate the fundamental tenet of the res judicata doctrine, namely, to prevent duplicated litigation of claims.

Second, Plaintiff urges that the Supreme Court in the recent case of Perry v. Merit Systems Protection Bd., 137 S. Ct. 1975 (2017), held that "a civil-service employee has the rights to a hearing on his claims of discrimination in district court after the Federal Circuit has dismisse[d] his claim on jurisdictional grounds" (ECF No. 16 at 9–10). As Defendant asserts, however, Perry actually stands for the opposite. The appellant employee in Perry attempted to appeal an MSPB decision that denied his claims on jurisdictional grounds. *Id.* at 1982. Unlike Plaintiff, however, the employee in Perry sought to file his mixed case in federal district court, and the

Page 9 of 10

Supreme Court held that he was correct in trying to do so. *Id.* at 1982, 1985. Thus, Perry held that all mixed cases, be they dismissed on substantive, procedural, or jurisdictional grounds, should be filed in federal district court in order to have all claims heard. *Id.* at 1988. Therefore, even assuming that the Perry decision should apply retroactively to Plaintiff's case, it would not alter the outcome of his case in the least.

The court in its independent review finds that all Plaintiff's claims derive from the same core of operative facts as in his previous case with this court, and all those claims were resolved in that case, against the same parties as in this present action, notwithstanding the fact that Richard Spencer replaced Raymond Mabus as Secretary of the Navy and thus as the named Defendant in this suit. Therefore, because this case was properly and fully litigated in the previous action, Plaintiff is precluded under res judicata from pursuing the instant action.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's converted Motion for Summary Judgment (ECF No. 13) be **GRANTED**.

2. That Plaintiff's Motion for Summary Judgment (ECF No. 17) be **DENIED**.

3.      That the clerk be directed to enter judgment in favor of Defendant and close the file.

At Pensacola, Florida, this 20th day of August 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**